[Civ. No. 5819. First Appellate District, Division Two.—September 28, 1927.]

LUCINDA WORDEN, Respondent, v. COAST TIRE & RUBBER COMPANY (a Corporation) et al., Appellants.

Albert H. Elliot, Guy C. Calden and P. L. Benjamin for Appellants.

Louis Oneal and Clarence M. Booth for Respondent.

KOFORD, P. J.—This is an appeal from a judgment in favor of plaintiff, based upon fraudulent misrepresentations. The ground of the appeal is insufficiency of the evidence to prove that the representations made were false or fraudulent.

The evidence showed that the president of the appellant company, over the signature of the company, sent circular letters to its stockholders, including plaintiff, and these letters contained the representations alleged to be false and fraudulent. The circular letters stated that the appellant company had formed a plan of operation with the Bankers Mortgage & Discount Company, by which the latter would discount the appellant company's trade acceptances, warehouse receipts and the like, and strongly urged the stockholders to buy unit shares of the Bankers Mortgage & Discount Company so that they could share in the large profits to be realized from that source. The letters also stated that representatives would call. The letters were fulsome in their praise of the prosperity and strength of the company, of the wisdom and efficiency of its officers, and of the large profits which were soon to fall into the lap of the stockholders. They contained direct and indirect statements concerning the arrangements made and to be made with the Bankers Mortgage & Discount Company to effectuate the discount scheme.

Relying upon these letters, plaintiff gave an order for the purchase of fifteen units of the said Discount Company to two men, unidentified by the evidence as connected with either company, who called at her door. She gave them $1,500 cash and her 150 shares of capital stock of the appellant company, with a signed order upon their printed form addressed to the Bankers Securities Company, for the purchase of the fifteen units of the Bankers Mortgage & Discount Company. A receipt for the money and stock was signed by these men, with the name of Bankers Securities Company, and it stated that her shares were to be con-

verted at not less than ten dollars per share and the proceeds applied on the purchase of the unit shares.

Time passed, but plaintiff received nothing for her property and heard nothing further about the transaction. She then gave notice of rescission to all the companies named and brought this action. At the conclusion of her case in chief she voluntarily dismissed as to the Bankers Mortgage & Discount Company and as to the Bankers Securities Company. As respondent here she does not claim in support of her judgment that she has traced her money and property to the appellant or its agents, and does not attempt to defend the judgment as one for the recovery of her property from those who received it as the fruits of rescission on account of failure of consideration or as upon cancellation of her purchase order for the units never delivered to her. She claims that no matter who received her property and money, the false and fraudulent misrepresentations contained in the appellant company's circular letters were the direct and only cause of her loss, and hence defends the judgment upon that ground alone.

■ Substantially all of the representations as alleged in the complaint are found in the circular letters. Whether these representations were true or false, however, is not proven by the evidence. Respondent defends the finding that the unit shares of the Bankers Mortgage & Discount Company were worthless by stating that if the Bankers Mortgage & Discount Company was all that the appellant company represented it to be, some evidence of that fact would be that she had received the unit shares ordered. This may be grounds for strong suspicion, but it does not amount to legal evidence.

■ Respondent defends one other finding of false representation. The representation that the Bankers Mortgage & Discount Company was an incorporated, solvent, and successful going concern is said to be proven false by a stipulation of fact made at the trial. This stipulation was that the Bankers Securities Company was never at any time a corporation nor authorized to do business in the state of California, and that the Bankers Mortgage & Discount Company was a corporation under the state of Delaware, which had never been domesticated in California nor filed its articles in California. But both the representation and the stipula-

tion could be true. First, the representations neither as contained in the letters nor as pleaded in the complaint state that that company was authorized to do business in the state of California. The circular letter stated, "This eminently desirable result (i. e. large profits from discounting trade acceptances) may be obtained . . . by a close relation with a subsidiary of a finance corporation formed to perform this financial service . . . " Again, "The Bankers Mortgage & Discount Company was incorporated, and through its California subsidiary, is permitted to loan money, etc." Second, the fact that the company had not been authorized to do business in California does not prove untrue the representation that it was an incorporated, solvent, and successful going concern. It is argued that the letters create the impression that the Bankers Mortgage & Discount Company was a California corporation, especially where they set forth that the officers of the appellant company were also the executives of the Discount Company. It is true that the letters are skillfully persuasive and that they are more eloquent in this respect in what they do not say than in what is expressed. They give rise to strong suspicion of fraud. However, fraud must be proven by legal evidence, and strong suspicion will not suffice. Fraud is never presumed.

We conclude that the evidence produced was insufficient to prove the representations fraudulent and untrue. The judgment is reversed and a new trial ordered.

Nourse, J., concurred.